**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

M. EUGENE GIBBS,

    Plaintiff,

vs.                                              Case No. 3:11-cv-75-J-34TEM

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____

**ORDER**

This case is before the Court sua sponte upon review of Plaintiff's Complaint (Doc. 1; Complaint), and Motion For Preliminary Injunction. (Doc. 2; Motion for Preliminary Injunction). Plaintiff, who is proceeding pro se, initiated the instant action on January 25, 2011, by filing a six-count Complaint, naming "The United States of America, et al, and Does, 1-100" as defendants. Complaint at 1. Upon review, the Court finds that the Complaint constitutes an impermissible "shotgun pleading." A shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, each subsequent count of the six counts in the Complaint incorporates by reference all allegations of each of the preceding counts. See generally Complaint.

Additionally, this "shot gun" complaint fails to comply with Rules 8 and 10, Federal Rules of Civil Procedure. While pro se complaints are to be held to a less stringent standard than those drafted by an attorney, Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), the pro se litigant must still required to "'conform to procedural rules.'" Riley v. Fairbanks Capital Corp., 222 F. App'x 897, 898 (11th Cir. 2007)(quoting Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002)).[1] The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "'A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests.'" Evans v. McClain of Ga., Inc., 131 F.3d 957, 964 n.2 (11th Cir. 1997)(citation omitted). Despite Rule 8(a)'s liberal pleading requirement, "a complaint must still contain either direct or inferential allegations respecting all material elements of a cause of action." Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006)(emphasis omitted). Rules 8 and 10 work together "'to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996)(citation omitted). "Where the

---

[1] All filings with the Court must be made in accordance with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Local Rules are available for review at www.flmd.uscourts.gov, and a copy may be obtained by visiting the Clerk's Office. The Federal Rules of Civil Procedure are available in the law libraries of the state and federal courthouses.

allegations of a complaint are 'vague and ambiguous - leaving the reader to guess at precisely what the plaintiff [is] claiming,' the court should order a repleader." Holbrook v. Castle Key Ins. Co., No. 09-16029, 2010 WL 5158201, at * 1 (11th Cir. Dec. 20, 2010)(unpublished opinion)(quoting Byrne v. Nezhat, 261 F.3d 1075, 1128 (11th Cir. 2001)). Moreover, in a case with multiple defendants, the complaint should contain specific allegations with respect to each defendant; generalized allegations "lumping" multiple defendants together are insufficient to permit the defendants, or the Court, to ascertain exactly what plaintiff is claiming. See West Coast Roofing and Waterproofing, Inc. v. Johns Manville, Inc., 287 F. App'x 81, 86 (11th Cir. 2008)(citing Ambrosia Coal & Const. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) and Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Here, Plaintiff's Complaint sets forth a litany of general, and at times, incomprehensible, allegations, which are incorporated into each successive count (Counts I through VI), without specifying what allegation is relevant to each successive claim for relief, and to which defendant the allegation applies. See e.g. Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Plaintiff's Complaint references many people, many federal statutes, and conduct which allegedly occurred anywhere from 1986 through 2005 (though a number of allegations give no temporal reference at all). As in Magluta, supra, the Complaint is replete with allegations involving multiple persons, but makes no distinction who the defendants are, and which defendant is named as to each claim, "though geographic and temporal realities make it plain that all of the defendants could not have participated in every act . . . ." 256 F.3d at 1284. The allegations are not "simple, concise, and direct," Fed. R.

Civ. P. 8(d), nor do they set forth allegations in support of each material element of each claim for relief.  Snow, 450 F.3d at 1320.

In the Eleventh Circuit, shotgun pleadings of this sort are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph County, 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable.") (collecting cases).  As the Court in Cramer recognized, "[s]hotgun pleadings, whether filed by plaintiff or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer, 117 F.3d at 1263.  When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead to the extent possible under Rule 11, Federal Rules of Civil Procedure.  See id. (admonishing district court for not striking shotgun complaint on its own initiative); see also United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested to do so by a party's adversary, ought to require the party to file a repleader")(citing Byrne, 261 F.3d at 1133).  Accordingly, because the instant Complaint is an impermissible shotgun pleading, the Court will strike it and allow Plaintiff to file an amended complaint.[2]

---

[2] Because Plaintiff alleges causes of action arising against the United States of America, and pursuant to 42 U.S.C. §§ 1964, 1985, 1986, and 1988, the allegations of the Complaint appear to be sufficient to establish subject matter jurisdiction at this point in time.  Nevertheless, the Court must dismiss an action if it "determines at any time that it lacks subject matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

Plaintiff alleges that venue in the Middle District of Florida "is proper because the Department of Labor division having responsibility for Plaintiff's disability case is located in this district, and a
(continued...)

Additionally, Plaintiff's verified Motion for Preliminary Injunction (Doc. 2), which requests a multiple and varied injunctive relief including preventing named individuals and agencies "from committing acts to endanger Plaintiff's [family and friends] . . . ;" appointing counsel; ordering "interest" to be calculated and money to be paid; and requiring Defendants to provide information concerning a prior criminal case and an employment action, see Motion for Preliminary Injunction at 25, does not satisfy the requirements of the Local Rules of the United States District Court for the Middle District of Florida ("Local Rules"). The Motion does not comply with Local Rule 4.06, which, along with Rule 65, Federal Rules of Civil Procedure, governs the entry of preliminary injunctive relief. Local Rule 4.06 requires the party applying for a preliminary injunction to comply with certain procedural requirements

---

[2](...continued)
substantial part of the events giving rise to plaintiffs' [sic] claims occurred in this district." Complaint ¶ 1. However, the allegations of the Complaint are insufficient to establish that venue is properly with the Middle District of Florida. The locales mentioned in the Complaint include Baltimore, Maryland, id. ¶ 11; "Fisk, Clark Atlanta, Howard, Hampton, Morgan State, and Tuskegee Universities," id. ¶ 42; New York, id. ¶¶ 43, 46, 76, 77, 78, 80, 84; Maryland, id. ¶ 45; South Carolina, id. ¶¶ 45, 75; Savannah, Georgia, id. ¶ 80; and "the Smithsonian." Id. ¶ 81. Plaintiff alleges that he "is domiciled in the State of Maryland, but presently resides in the State of South Carolina. Id. ¶ 4. Plaintiff and the conduct alleged in his Complaint appear to have no connection to this District.

Section 1391 of Title 28, provides that a civil action, in which an officer or employee of the United States, an agency of the United States, or the United States itself is named as a defendant, may be brought in any judicial district in which

> (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e); see also Sierra Club v. Leathers, 754 F.2d 952, 955 (11th Cir. 1985).

Unless Plaintiff is able to allege sufficient facts to establish that proper venue is indeed in this Court, the Plaintiff will be required to show cause why this case should not be dismissed or transferred to a District Court in one of the locales mentioned above, and the United States will be given an opportunity to respond. See Tazoe v. Airbus, S.A.S., Case No. 09-14847, _ F.3d _, 2011 WL 294044, at * __ (11th Cir. Feb. 1, 2011); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1258 (11th Cir. 1988); 28 U.S.C. §§ 1404, 1406.

set forth in Local Rule 4.05(b).  See Local Rule 4.06(b)(1).  Among other requirements, for example, a motion for injunctive relief must: (1) "be supported by allegations of specific facts"; (2) "describe precisely the conduct sought to be enjoined"; (3) "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)"; and (4) be accompanied by a proposed form of the order.[3]  See Local Rule 4.05(b)(2) and (3).  It also appears that Plaintiff has not yet effected service of process on Defendants in accordance with Rule 4, Federal Rules of Civil Procedure. Moreover, while acknowledging the four factors to be considered in determining whether preliminary injunctive relief should be granted,[4] Motion at 13-15, Plaintiff's Motion for Preliminary Injunction appears to fall short of establishing these requirements.  Given the procedural posture of this case, the Court will deny Plaintiff's Motion for Preliminary Injunction without prejudice.  Plaintiff may re-file a motion for preliminary injunction - brought in compliance with all applicable rules - after Plaintiff has filed an amended complaint.  Upon

---

[3] The Court's identification of certain deficiencies in the instant Motion is intended to cite only examples and should not be interpreted as determining whether all other requirements have been satisfied.  Instead, Plaintiff is instructed to review Rule 65 and the Local Rules and assure that any amended or supplemental filing is in full compliance.

[4] To secure a preliminary injunction, plaintiff must establish that "(1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  Am Civil Liberties Union of Fla. Inc. v. Miami-Dade County Sch. Bd., 557 F.3d 1177, 1198 (11th Cir. 2009)(en banc)(citation and quotation omitted).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites."  Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A., 320 F.3d 1205, 1210 (11th Cir. 2003) (citation and quotation omitted).

filing the amended complaint and any amended motion for injunctive relief, Plaintiff will be ordered to effect service of process in accordance with Rule 4.[5]

In light of the foregoing, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN**.

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **February 28, 2011**. Failure to do so may result in a dismissal of this action.

3. Defendants shall respond to the amended complaint in accordance with the requirements of Rule 12 of the Federal Rules of Civil Procedure.

4. Plaintiff's Motion for Preliminary Injunction (Doc. 2) is **DENIED WITHOUT PREJUDICE**.

5. Plaintiff shall immediately effect service of process of his amended complaint and any motion for preliminary injunctive relief and supporting materials on Defendants in accordance with Rule 4, Federal Rules of Civil Procedure.

---

[5] Plaintiff is instructed to provide the Court with courtesy copies of the amended complaint, any amended motion for injunctive relief, and any exhibits to those documents.

      6.    Immediately upon accomplishing service of process, Plaintiff shall file proof of such service in accordance with Rule 4(l).

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of February, 2011.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:
Counsel of Record
Unrepresented Party