**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

M. EUGENE GIBBS,

    Plaintiff,

vs.                                                      Case No. 3:11-cv-75-J-34TEM

UNITED STATES OF AMERICA, et al.,

    Defendants.

_____

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff M. Eugene Gibbs' verified Motion For Preliminary Injunction, Rule 65 and/or 18 U.S.C. § 1964 (RICO); And File Motion As 27 Pages (Doc. 9; Motion), filed February 18, 2011.  Also filed on February 18, 2011 was Plaintiff's Second Amended Complaint.[1]  Plaintiff is proceeding pro se.  In the Motion, Plaintiff requests entry of a preliminary injunction "preventing" the United States Department of Labor and Department of Justice "from committing acts to endanger Plaintiff's [family and friends] life, liberty and/or property - ordering that the $14,000 [$1,400 × 10 months] improperly withheld from Plaintiff be returned and further actions cease; *as related to this case*, appoint

---

[1] Though labeled by Plaintiff as an "Amended Complaint," it follows and supercedes and Amended Complaint (Doc. 14), which was filed on February 14, 2011. The Second Amended Complaint is properly currently before the Court, see Fed. R Civ. P. 15, and supercedes any preceding complaint. See Fritz v. Standard Sec. Life Ins. Co., 676 F.2d 1356, 1358 (11th Cir. 1982).

counsel such as Gibson and Dunn to represent Plaintiff, *and all further relief this Honorable Court deems just and proper.*" Motion at 27 (emphasis in original).[2]

On February 7, 2011, the Court entered an Order striking Plaintiff's initial Complaint, with instructions to file an amended complaint consistent with the Court's directives, and the applicable rules. (Doc. 5; Order). Additionally, the Court denied without prejudice Plaintiff's first Motion for Preliminary Injunction (Doc. 2) for failure to comply with applicable rules and legal requirements. Order at 5-7. In doing so, the Court specifically advised Plaintiff that among the requirements set forth in Rules 4.05 and 4.06, Local Rules, United States District Court, Middle District of Florida (Local Rules(s)), are that a motion for injunctive relief must:

> (1) "be supported by allegations of specific facts"; (2) "describe precisely the conduct sought to be enjoined"; (3) "set forth facts on which the Court can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)"; and (4) be accompanied by a proposed form of the order. See Local Rule 4.05(b)(2) and (3). It also appears that Plaintiff has not yet effected service of process on Defendants in accordance with Rule 4, Federal Rules of Civil Procedure. Moreover, while acknowledging the four factors to be considered in determining whether preliminary injunctive relief should be granted, . . . Plaintiff's Motion for Preliminary Injunction appears to fall short of establishing these requirements.

Order at 6 (footnotes omitted).

Upon review of the Motion, which incorporates legal citation and argument, it appears that the Motion does not satisfy the requirements of Local Rule 4.06, which, along with Rule 65, Federal Rules of Civil Procedure (Rule(s)), governs the entry of preliminary injunctive

---

[2] Rule 3.01(a) Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) provides that a motion and memorandum of supporting legal authority not exceed twenty-five pages. Plaintiff requests in the title of the motion that he be permitted to file a 27-page Motion. In view of the disposition of Plaintiff's Motion, the Court need not address this request.

relief.[3]  Specifically, Plaintiff has failed to accomplish <u>any</u> of the Court's directives.  In light of Plaintiff's complete failure to comply with the Order regarding his initial Motion for Preliminary Injunction, the Court finds that Plaintiff's request here is due to be denied.  Accordingly, the Court will deny the Motion without prejudice to Plaintiff's right to file a renewed motion that complies with the Rules and the Local Rules, if appropriate based upon the facts of this case and the applicable law.

In light of the foregoing, it is hereby

**ORDERED**:

1. Plaintiff M. Eugene Gibbs-Squires' Motion For Preliminary Injunction, Rule 65 and/or 18 U.S.C. § 1964 (RICO); And File Motion As 27 Pages (Doc. 9) is **DENIED WITHOUT PREJUDICE**.

2. Plaintiff shall effect service of process of the Second Amended Complaint (Doc. 11) on Defendants in accordance with Rule 4.  <u>See</u> Rule 4(l) and (m), Federal Rules of Civil Procedure.  Absent good cause, service of process should be accomplished before filing any renewed Motion for Preliminary Injunction.

3. Immediately upon accomplishing service of process, Plaintiff shall file proof of

---

[3] The Court's identification of certain deficiencies in the instant Motion is intended to cite only examples and should not be interpreted as determining whether all other requirements have been satisfied.  Instead, Plaintiff is instructed to review Rule 65 and the Local Rules and assure that any amended filing is in full compliance.

such service in accordance with Rule 4(l), Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, this 25th day of February, 2011.

MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:

Counsel of Record
Unrepresented Party