**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

M. EUGENE GIBBS,

    Plaintiff,

vs.                                               Case No. 3:11-cv-75-J-34TEM

UNITED STATES OF AMERICA, et al.,

    Defendants.
_____

## **ORDER**

This case is before the Court on Plaintiff's Motion to Vacate and Set-Aside the Court's Order: 26th Day of July 2011. (Doc. 63; Motion). In his Motion filed August 8, 2011, Plaintiff requests that the Court's Order denying Plaintiff's Motion to Amend the Complaint (Doc. 61; 7/26/11 Order), be "vacated and set aside." Motion at 5. The 7/26/11 Order was entered by United States Magistrate Judge Thomas E. Morris. Rule 72(a), Federal Rules of Civil Procedure; see generally Palmore v. Hicks, 383 F. App'x 897, 899-900 (11th Cir. 2010)("[a]n order disposing of a motion to amend is a non-dispositive pretrial ruling" for purposes of Rule 72(a)). Thus, Plaintiff's Motion must be construed to be an objection to the Magistrate Judge's Order, brought pursuant to Rule 72(a).[1]

To prevail on his Objection, Plaintiff must establish that the conclusions to which he objects in the 7/26/11 Order are clearly erroneous or contrary to law. See Rule 72(a); 28

---

[1] The Advisory Committee notes to Rule 72, Federal Rules of Civil Procedure, contemplate "that a party who is successful before the magistrate will be afforded an opportunity to respond to objections raised to the magistrate's ruling. Fed. R. Civ. P. 72(a), Advisory Committee Note, 1983 Addition. The Defendant has not submitted a response to the Motion. The Court, however, is able to rule on the Motion without the benefit of a response.

U.S.C. § 636(b)(1)(A); see also Merritt v. Int'l Bhd. of Boilermakers, 649 F.2d 1013, 1016-17 (5th Cir. Unit A June 1981);[2] Nat'l Ass'n for the Advancement of Colored People v. Fla. Dep't of Corrs., 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000); Williams v. Wright, No. 3:09-cv-055, 2009 WL 4891825, at *1 (S.D. Ga. Dec.16, 2009) ("A district court reviewing a magistrate judge's decision on a nondispositive issue 'must consider . . . objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'") (quoting Rule 72(a)).

In consideration of the record before the Court, Plaintiff has not presented any factual or legal basis demonstrating that the 7/26/11 Order to which he objects is clearly erroneous or contrary to law. The Court finds that the 7/26/11 Order of the Magistrate Judge, denying Plaintiff's Motion to Amend, is neither clearly erroneous nor contrary to law. See Howard v. Hartford Life & Acc. Ins. Co., 769 F. Supp.2d 1366, 1371-72 (M.D. Fla. 2011). Therefore, pursuant to Rule 72(a), Federal Rules of Civil Procedure, Plaintiff's objection is overruled and the Motion is due to be denied.

It is hereby

**ORDERED**:

Plaintiff's Motion to Vacate and Set-Aside the Court's Order: 26th Day of July 2011, (Doc. 63), is **DENIED**, and Plaintiff's objections to the Magistrate Judge's 7/26/11 Order

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(Doc. 61) are **OVERRULED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 15th day of August, 2011.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc12
Copies to:
Counsel of Record
Unrepresented Party